UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERE S. MCFADDEN, | ) | CASE NO. 5:25-cv-1692 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| v. | ) ) | |
| CLARISSA BOYER, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Jere S. McFadden has filed a civil complaint against Clarissa Boyer, the State of Ohio, and the State of North Carolina. (ECF No. 1). The complaint attaches a notice of appeal and appears to be an attempt to appeal/overturn state court decisions in Ohio and North Carolina concerning Plaintiff's parental rights. (*See id.*; ECF No. 1-1). Plaintiff has also filed an amended notice of removal. (ECF No. 3).

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is **GRANTED**. For the reasons discussed below, Plaintiff's complaint is **DISMISSED**.

## II. BACKGROUND

Plaintiff's complaint stems, in part, from a final divorce decree entered in the Summit County Court of Common Pleas in Case No. DR-2017-01-0160, in which the court awarded Plaintiff's ex-wife, Clarissa Boyer, full legal custody of the couple's minor children; later, the court stripped Plaintiff of any visitation rights. (*See* ECF No. 1-1, PageID #9–10); *see generally Boyer v. McFadden*, Case No. DR-2017-01-0160 (Summit Cnty. Ct. Com. Pleas). The complaint

1

also stems from custody decisions entered in Case No. 25JT000091-890 before the General Court of Justice, District Court Division in Union County, North Carolina, which Plaintiff alleges is "yet another case by Boyer to strip my parental rights." (ECF No. 1-1, PageID #11). The complaint alleges "Constitutional rights of child and parent have been taken without due process" and requests dismissal of the state court judgments and restoration of Plaintiff's parental rights. (ECF No. 1, PageID #4). On October 8, 2025, Plaintiff filed a document titled "Amended Notice of Removal," in which Plaintiff purports to remove the two state court cases referenced in the complaint and notice of appeal: (i) Case No. DR-2017-01-0160 from the Summit County Court of Common Pleas; and (ii) Case No. 25JT000090-890 from the General Court of Justice in Union County, North Carolina. (ECF No. 3).

## III. STANDARD OF REVIEW

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678. Even though the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## IV. DISCUSSION

It is unclear whether Plaintiff intended to file a civil action seeking to appeal/overturn the state courts' determination of his parental rights or whether he intended to remove the relevant state actions from Ohio and North Carolina. In either case, the Court lacks jurisdiction to consider Plaintiff's claims and the complaint must be dismissed under § 1915(e)(2)(B).

First, federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003); *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, . . . federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 F. App'x at 616 (internal citation omitted). Here, although Plaintiff alleges due process violations, the core concern in Plaintiff's complaint is domestic relations. Plaintiff seeks to overturn state court decisions

3

concerning child custody and visitation and he requests restoration of his parental rights. The Court lacks jurisdiction to hear such a case or grant such relief. *See Edelstein v. Flottman*, No. 24-3156, 2025 U.S. App. LEXIS 570, at *6 (6th Cir. Jan. 10, 2025) (affirming the district court's dismissal when the plaintiffs "couched their claims . . . in terms of constitutional violations" but "the substance of the claims revolves around the state courts' decisions in the domestic-relations proceedings as they relate to [child] custody and [child] visitation rights").

Second, the Court is also barred from granting Plaintiff's requested relief by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review final judgments, as well as interlocutory orders, from state courts. *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010); *RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021); *see also Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (explaining that the *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision") (internal quotation marks omitted). "[A] federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19-cv-192, 2021 U.S. Dist. LEXIS 104359, at *5 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States."). Federal courts may raise the issue of abstention *sua sponte*. *See O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008) (holding that "abstention may be raised by the court *sua sponte*"); *see also*

*Louisville Country Club v. Watts*, Nos. 97-5758 and 97-5829, 1999 U.S. App. LEXIS 7828, *7 (6th Cir. Apr. 16, 1999).

The Court cannot discern from the record whether Plaintiff has exhausted his appeal rights in either the Ohio or North Carolina courts. That said, the Sixth Circuit has held that *Rooker-Feldman* abstention does not require a state court judgment to have been finalized after the exhaustion of all appeal rights. *See RLR Invs., LLC*, 4 F.4th at 393–96; *see also T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 353–54 (4th Cir. 2025) (adopting the same approach); *Parker Law Firm v. Travelers Indem. Co.*, 985 F.3d 579, 584 (8th Cir. 2021) ("Even so, that an appeal is pending in the New York state courts does not mean that a federal district court has jurisdiction to consider a parallel appeal. This court, like other circuits, has concluded that *Rooker-Feldman* applies to state court judgments that are not yet final."). Accordingly, the Court lacks jurisdiction to review and overturn the state court decisions.[1]

## V. CONCLUSION

For the foregoing reasons, this action is **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. §1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

---

[1] To the extent that Plaintiff intended to bring any claims against the State of Ohio and the State of North Carolina under § 1983, such claims would also be barred by Eleventh Amendment immunity. The Eleventh Amendment grants sovereign immunity to the States, guaranteeing that "nonconsenting States may not be sued by private individuals in federal court." *Guertin v. Michigan*, 912 F.3d 907, 936 (6th Cir. 2019). Neither the State of Ohio nor the State of North Carolina has consented to be sued under § 1983 and Congress has not otherwise abrogated their Eleventh Amendment immunity with respect to § 1983 claims. *See Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020) ("Notably, 42 U.S.C. § 1983 does not abrogate the States' sovereign immunity."); *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) ("The State of Ohio has immunity for all claims against it because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983."); *Bright v. McClure*, 865 F.2d 623, 626 (4th Cir. 1989) ("North Carolina has done nothing to waive its immunity.").

**IT IS SO ORDERED.**

Date: November 14, 2025

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**